Per Curiam.

The plaintiffs’ principal contention is that their property ds béing taken without...due...process of law, in *60 that the amount of the assessments exceeds the special benefits received as a result of the street improvement and is contrary to the provisions of Section 727.15, Revised Code, which reads in part as follows:
“The legislative authority of a municipal corporation shall limit all assessments to the special benefits conferred upon the property assessed. In no case shall there be levied upon a lot or parcel of land in the municipal corporation any assessment or assessments, for any or all purposes within a period of five years, in excess of 33 1/3 per cent of the actual value thereof after improvement is made.”
The determination of the amount of benefit received as a result of a public improvement, in relationship to the assessment levied on the property as a result thereof, .is a question of fact resting in the first instance in the legislative body levying the assessment.
This court in Damar Realty Co. v. City of Cleveland, 143 Ohio St., 469, 55 N. E. (2d), 805, said in the first paragraph of the syllabus:
“A judgment denying an injunction against the collection of a special assessment regularly levied by a municipality upon real estate for a public improvement and dismissing plaintiff’s action, is not prejudicially erroneous where there is evidence to support a determination that such assessment is not disproportionate to the benefits conferred, does not exceed one-third of the value of the property after completion of the improvement and that delay in proceeding with the improvement was not of such a character as to constitute an abandonment of the project, and where it further appears that, in making the improvement, there was no radical or injurious departure from the applicable provisions of the municipal charter.”
The Court of Appeals in the instant cases said:
‘ ‘ There is evidence in the transcript of the testimony taken in the lower court to support the determination by council that such assessments are not disproportionate to the benefits conferred, do not exceed one-third of the value of the property, after completion of the improvement projects. # * *
a # * *
“ * * * There is abundant evidence that each of the two lots *61 in question had a valuation of from $12,000 to $15,000, and that each had benefited by the improvement. City council determined the benefits accruing to each lot at $1,468.50. No fraud is charged nor is any conceivably implied from any of the evidence before this court.
i 6 * ■» *
“As applied to the instant cases, our conclusion is that, under all the attending circumstances presented by the record, a court of equity ought not to disturb the assessments.”
From this it is apparent that the Court of Appeals, in essence, determined that the assessments do not exceed the benefits and, therefore, there was no abuse of discretion by the city council. .
It is only where there is an abuse of discretion, that is, where the assessment exceeds the benefits, contrary to the provisions of Section 727.15, Revised Code, or where the assessment is in excess of 33 1/3 per cent of the actual value of the land after improvement is made, that a court of equity may intervene to enjoin the assessment.
After a consideration of the records in these cases, we can find no prejudicial error in the judgments of the Court of Appeals, and they are, therefore, affirmed.

Judgments affirmed.

Weygandt, C. J., Zimmerman, Matthias, Herbert and Peck, JJ., concur.